UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN ZAYAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs<br><br>- against -<br><br>GRAMERCY FIRST AVENUE LLC and LUCKY CHICKEN, CORP.<br><br>Defendants | 19 Civ. 10348<br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff, EDWIN ZAYAS, by and through his counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, hereby files this Complaint and respectfully alleges against Defendants:

## NATURE OF THE CASE

1.     In violation of well-settled, 28-year-old law, Defendants have made a financial decision to not remove a variety of unlawful architectural barriers which exist at its public accommodation. Instead, Defendants have chosen to create and follow a policy to exclude Plaintiff and all other disabled persons, who use wheelchairs and scooters, from having access to and use of Defendants' public accommodation.

2.     Plaintiff files this action on behalf of himself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*, and New York City Human Rights Law, Admin. Code § 8-107, *et seq*.

3.     Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

## VENUE AND JURISDICTION

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

5.      The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state law violations pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

7.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

## PARTIES

8.      That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of New York County, New York.

9.      Defendant GRAMERCY FIRST AVENUE LLC is a New York domestic limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Nassau County.

10.     Defendant GRAMERCY FIRST AVENUE LLC  is owner of the real property which houses a public accommodation named Lucky Chicken located at 377 1st Avenue, New York, NY 10010.

11.     Defendant LUCKY CHICKEN, CORP.  is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

## CLASS ACTION

2

12.     Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use wheelchairs, by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, and who are protected by, and are beneficiaries of, the ADA and New York State Law.

13.     Plaintiff, complaining for himself and all others similarly situated residents in the City of New York and State of New York hereby alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

14.     References to "Plaintiffs" shall be deemed to include the individually named Plaintiffs, and each member of the Class, unless otherwise indicated.

**STATUTORY SCHEME**

15.     The 2010 United States Census indicates that more than 56.6 million persons in the United States have a disability.  The 2010 US Census also indicates that more than 1.39 million New Yorkers have a mobility disability.

16.     The ADA, New York State Human Rights Law, and New York City Human Rights Law recognize individuals with disabilities as a protected class.

17.     It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

18.    The ADA, New York State Human Rights Law, and New York City Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

19.    If a public accommodation is altered in the manner that affects or could affect the usability of the public accommodation thereof, it must make alterations in such a manner that, to the maximum extent feasible, the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities.

20.    Where a public accommodation undertakes an alteration that affects or could affect usability of or access to an area of the public accommodation containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities.

21.    All public accommodations have the continuous legal obligation to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations.

22.    Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

23.    The ADA requires public accommodations to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

24.    The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA and New York City Human Rights Law.

25.    The landlord and owner of a property which houses a public accommodation are liable

for their tenant's failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law.  Property leases which contain contradictory language is superseded by the ADA.

26.     Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law, and New York State Human Rights Law.

## FACTUAL BACKGROUND

27.     Plaintiff is paralyzed and cannot walk. As a result, he uses a wheelchair for mobility.

28.     Defendant Gramercy First Avenue LLC owns or leases the real property which houses the public accommodation named Lucky Chicken located at 377 1st Avenue, New York, NY 10010 (hereinafter 'public accommodation').

29.     Defendant LUCKY CHICKEN, CORP. owns or operates the public accommodation named Lucky Chicken located at 377 1st Avenue, New York, NY 10010.

30.     The floor elevation of the immediate entrance of the public accommodation is within 18 inches of the sidewalk.

31.     Since 1992, Defendants public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

32.     In 2019, Plaintiff had visited Defendants' public accommodation, however, was unable to enter because he encountered the unlawful architectural barriers identified below.

33.     Plaintiff is deterred from visiting Defendants' public accommodation because of the existing accessibility barriers.

34.     Plaintiff has the intention to return to and avail himself the goods and services offered to the public by Defendants' public accommodation once it becomes readily accessible to and usable.

35.     Features of Defendants' public accommodation inaccessible to Plaintiff, and others

similarly situated, are including but not limited to:

     a.     An accessible route of 36 inches is not provided from the public streets and sidewalks to Defendant's entrance in violation of the 1991 Standards § 4.3.2 and 4.3.3; 2010 Standards § 206.2.1.

     b.     There does not exist an accessible route to enter its public accommodation in violation of 28 CFR § 36.403(e); 1991 Standards § 4.3.2; 2010 Standards § 402.

     c.     An accessible means of egress is not provided in violation of the 1991 Standards § 4.3.10; 2010 Standards § 207.1.

     d.     The walkway to enter each of Defendants' public accommodation have unlawful changes in level in violation of the 1991 Standards § 4. 5.2; 2010 Standards §§ 303.2.

     e.     There is insufficient maneuvering clearance perpendicular to the entrance in violation of the 1991 Standards § 4.13.6, Fig. 25; 2010 Standards § 404.

     f.     The entrance door lacks level sufficient maneuvering clearance to enter Defendants public accommodation in violation of the 1991 Standards § 4.13.6, 2010 Standards 404.2.4

     g.     The door hardware of Defendant's entrance door is inaccessible in violation of 1991 Standards § 4.13.9; 2010 Standards § 309. The door hardware cannot be operated with one hand and requires tight grasping, pinching, and twisting of the wrist.

     h.     Upon information and belief, at least 5% of the seating spaces and standing spaces at the dining services to not comply with 2010 Standards § 902. There is no accessible wheelchair space where a person in a wheelchair can sit at a dining surfaces.

     i.     Upon information and belief, the top of dining tables are not 28 inches to 34 inches above the floor in violation of 1991 Standards § 4.3 2.4; 2010 Standards § 902.3.

     j.     Upon information and belief, there is insufficient knee clearance under the dining table. There is not 26 inches high, 30 inches wide, and 19 inches deep of knee clearance available under the dining tables in violation of 1991 Standards 4.3 2.3.

36.     Plaintiff resides on 17th St. and is frequently near Defendant's public accommodation.

37.     Plaintiff is deterred from visiting Defendants' public accommodation because of the

existing accessibility barriers.

38.     Plaintiff has the intention to return to and avail himself the goods and services offered

to the public by Defendants' public accommodation once it becomes readily accessible to

and usable.

39.     The removal of existing architectural barriers is readily achievable.

40.     To date, Defendants have failed to remove the architectural barriers.

## FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)
(Injunctive Relief)

41.     Defendants' public accommodation named Lucky Chicken located at 377 1st Avenue,

New York, NY 10010 is a public accommodation within the meaning of Title III of the ADA,

42 U.S.C. § 12181; 28 C.F.R. § 36.104.

42.     Defendants have failed to make adequate accommodations and modifications to its

public accommodation named Lucky Chicken located at 377 1st Avenue, New York, NY 10010.

43.     Defendants have failed to remove all architectural barriers that are structural in nature

in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

44.     There exist readily achievable modifications which would make Defendants' public

accommodation accessible and readily usable by Plaintiff and all others similarly situated.

45.     Defendants failed to make the necessary readily achievable modifications to its public

accommodation.

46.     It is not impossible for Defendants to remove the architectural barriers which exist at

its public accommodation.

47.     Defendants failed to design and construct its public accommodation that is readily

accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

48.     It is not structurally impracticable for Defendants' public accommodation to be

accessible.

49.     Defendants failed to alter its public accommodation to the maximum extent feasible in

violation of 42 U.S. Code § 12183(a)(2).

50.     Defendants' public accommodation is not fully accessible to, or readily useable by individuals with disabilities.

51.     Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

52.     Defendants have subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, to a denial of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

53.     Defendants have not afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

54.     Defendants have provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

55.     Defendants have not afforded plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

56.     Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

57.     Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

58.     Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

59.     Defendants should have achieved accessibility by January 26, 1992.

60.     The barriers to access Defendants' public accommodation continue to exist.

61.     Reasonable accommodations exists which do not impose an undue hardship on the operation of the Defendants' program or activity.

62.     Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendants' program or activity.

## SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)
(Injunctive Relief and Damages on Behalf of Plaintiffs)

63.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

64.     Defendants' public accommodation named Lucky Chicken located at 377 1st Avenue, New York, NY 10010 is a public accommodation within the meaning of New York State Human Rights Law § 292(9).

65.     Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

66.     Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

67.     Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

68.     Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

69.     Defendants and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

70.     Defendants discriminated against Plaintiff  by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

71.     As a direct and proximate result of the disability discrimination perpetrated by Defendant in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

**THIRD CAUSE OF ACTION**
**(Violations of New York State Civil Rights Law)**

(Statutory Damages on Behalf of Plaintiffs)

72.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

73.     On the basis of Plaintiff's disability, Defendants have violated his Civil Rights.

74.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

75.     Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

76.     Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violations of NYC Human Rights Law § 8-107(4))
(Injunctive Relief and Damages on Behalf of Plaintiffs)

77.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

78.     Defendants' public accommodation named Lucky Chicken located at 377 1st Avenue, New York, NY 10010 is a place or provider of public accommodation within the meaning of New York City Administrative Code § 8-102(9).

79.     In violation of New York City Admin. Code § 8-107(4), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

80.     In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

81.     In violation of New York City Admin. Code, the owner, lessee, proprietor,  manager, agent and employee of defendants' public accommodation, have, because of the actual or

perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

82.     In violation of New York City Admin. Code, on the basis of Plaintiff's disability, Defendants have demonstrated that the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

83.      Pursuant to New York City Human Rights Law § 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

84.     As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to, humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

### FIFTH CAUSE OF ACTION
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**
(Injunctive Relief and Damages on Behalf of Plaintiffs)

85.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

86.     Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

87.     Defendants failed to provide Plaintiff reasonable accommodations and modifications in violation of NYC Human Rights Law 8-107(15).

88.     In violation of New York City Admin. Code 8-102(4) and (18), and 8-107(4) and 8-107(15), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

89.    In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

90.    Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

91.    In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

92.    In violation of New York City Admin. Code, Defendants have demonstrated that, because of Plaintiff's disability, the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

93.    As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer emotional distress, including but not limited to, humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

### SIXTH CAUSE OF ACTION
### (Declaratory Relief)

94.    Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

95.    Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

A.      Certify this case as a class action;

B.      Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter its public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Law, New York City Human Rights Law, and Title III of the ADA, and provide Plaintiff with reasonable accommodation so that Defendants will modify the entrance and assist Plaintiff, and all other similar situated, entry into the public accommodation as required by NYC Administrative Code.

C.      Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and New York City Administrative Code, and its implementing regulations and declaring the rights of Plaintiff and other persons similarly situated as to policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

D.      Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* violation.

E.      Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law.

F.      Award statutory damages in the amount of $500 for each of Defendants violation of New York State Civil Rights Law § 40-c and 40-d.

G.      The court retain jurisdiction over the Defendants until the court is satisfied that the

unlawful practices, acts and omissions no longer exist and will not reoccur.

H.      Award Plaintiff compensatory damages in the amount of $10,000 for the discrimination

perpetrated by Defendant in violation of New York State Human Rights Law.

I.      Award Plaintiff compensatory damages in the of $10,000 for the discrimination

perpetrated by Defendant in violation of New York City Human Rights Law.

J.      Award plaintiff punitive damages in the amount to be determined by the jury for

Defendants reckless disregard of Plaintiffs' civil rights and their intentional discrimination in

violations of New York City Human Rights Law.

K.      Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney

fees, costs and expenses, and such other and further relief, at law or in equity, to which the

Plaintiff and other persons similarly situated may be justly entitled.

L.      For such other and further relief, at law or in equity, to which the Plaintiff and other

persons similarly situated may be justly entitled.

Dated: November 3, 2019                    LAW OFFICES OF JAMES E. BAHAMONDE,
                                           P.C.


                                           X _____

                                           JAMES E. BAHAMONDE, ESQ.
                                           Attorney for the Plaintiff
                                           Tel:  (646) 290-8258
                                           Fax: (646) 435-4376
                                           E-mail:  James@CivilRightsNY.com